**WO**                                                                                        MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jacob Christopher Jeffries, | No. CV 08-175-PHX-SMM (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, | |
| Defendant. | |

Plaintiff Jacob Christopher Jeffries, who is confined in the Maricopa County Durango Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will dismiss the Complaint with leave to amend.

**I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $41.00. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

//
//
//

**JDDL-K**

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because the Complaint may possibly be saved by amendment.

## III.  Complaint

In his three-count Complaint, Plaintiff sues Defendant Maricopa County Sheriff Joseph M. Arpaio.

In Count One, Plaintiff alleges that the inmate housing limitations are being exceeded and that Defendant Arpaio is "obviously negligent in the requirements." In Count Two, Plaintiff asserts a violation of "[a]ll around health[,] which includes medical, dental, and psychiatric." He alleges the Durango Jail is rampant with several communicable diseases and "is grossly failing in screening and segregation of those infected." He contends Defendant Arpaio and his staff are "negligent for his inactions are apparent."

In Count Three, Plaintiff alleges a violation of "safety, hygiene, and all around sanitation." He alleges the Durango Jail is "grossly negligent" regarding fire and health codes. In his Request for Relief, Plaintiff seeks monetary damages.

1  **IV.    Failure to Allege a Violation of a Constitutional Right**

2  Section 1983 provides a cause of action against persons acting under color of state law
3  who have violated rights guaranteed by the United States Constitution and federal law. 42
4  U.S.C. § 1983; see also Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995).
5  Plaintiff has failed to allege any constitutional or federal law violations.

6  A pretrial detainee's claim for unconstitutional conditions of confinement arises from
7  the Fourteenth Amendment Due Process Clause rather than from the Eighth Amendment
8  prohibition against cruel and unusual punishment. Bell v. Wolfish, 441 U.S. 520, 535
9  (1979). Nevertheless, the same standards are applied, requiring proof that the defendant
10 acted with deliberate indifference. See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

11 To state a claim of deliberate indifference, plaintiffs must meet a two-part test. First,
12 the alleged constitutional deprivation must be, objectively, "sufficiently serious"; the
13 official's act or omission must result in the denial of "the minimal civilized measure of life's
14 necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Second, the prison official must
15 have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to
16 inmate health or safety. Id. In defining "deliberate indifference" in this context, the Supreme
17 Court has imposed a subjective test: "the official must both be aware of facts from which the
18 inference could be drawn that a substantial risk of serious harm exists, and he must also draw
19 the inference." Id. at 837 (emphasis added).

20 Not every claim by a prisoner that he has received inadequate medical treatment states
21 a violation of the Eighth or Fourteenth Amendment. To state a § 1983 medical claim, a
22 plaintiff must show that the defendants acted with "deliberate indifference to serious medical
23 needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429
24 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating
25 that failure to treat the condition could result in further significant injury or the unnecessary
26 and wanton infliction of pain and (2) the defendant's response was deliberately indifferent.
27 Jett, 439 F.3d at 1096 (quotations omitted).

28

JDDL-K

- 3 -

Mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983. See Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105-06.

Here, Plaintiff has failed to allege any constitutional or federal law violations. Thus, the Court will dismiss without prejudice Plaintiff's Complaint because it fails to state a claim.

**V.     Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

//

## VI. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

//
//
//

**E.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS HEREBY ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis,* filed with the Complaint, is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $41.00.

(3) The Complaint (Doc. #1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

(5) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 5th day of February, 2008.

Stephen M. McNamee
United States District Judge